**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4246**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTON DEMETRIUS MATTHEWS, a/k/a Juv, a/k/a JoJo,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:23-cr-00016-JPB-JPM-1)

───────────────

Submitted:  April 1, 2025                       Decided:  April 22, 2025

───────────────

Before AGEE, HARRIS, and RICHARDSON, Circuit Judges.

───────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Charles T. Berry, CHARLES T. BERRY, ESQUIRE, Kingmont, West Virginia, for Appellant.  Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anton Demetrius Matthews pleaded guilty pursuant to a written plea agreement to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Matthews to 151 months' imprisonment. On appeal, Matthews's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Matthews's sentence is procedurally and substantively reasonable, whether the district court abused its discretion in denying Matthews's motion to withdraw his guilty plea, whether trial counsel was ineffective, and whether the Government breached the plea agreement. Matthews filed a pro se supplemental brief asserting that trial counsel was ineffective for advising Matthews he would be sentenced to no more than 100 months' imprisonment, that he would not have signed the plea agreement if he had known he could not withdraw his guilty plea, and that his sentence is longer than similarly situated codefendants. The Government has moved to dismiss the appeal, in part, as barred by the appeal waiver included in the plea agreement. We dismiss in part and affirm in part.

Where, as here, the Government seeks to enforce an appeal waiver and the defendant moved to withdraw his guilty plea, we review the district court's "acceptance of [the] guilty plea under the harmless error standard." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts

2

look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up). We have reviewed the Rule 11 proceeding and conclude that Matthews's guilty plea was knowing and voluntary and the offense to which he pleaded guilty was supported by a sufficient factual basis.

Turning to Matthews's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Matthews knowingly and voluntarily waived his right to appeal his conviction and sentence, except based on claims of ineffective assistance of counsel and prosecutorial misconduct not known to him at the time of his guilty plea. We therefore conclude that the waiver is valid and enforceable and that the challenges raised by counsel to the reasonableness of Matthews's sentence fall squarely within the scope of the appeal waiver.

3

An enforceable appeal waiver in a plea agreement also will not bar appellate review of the denial of a motion to withdraw the underlying guilty plea when the motion contains "a *colorable* claim that the plea agreement . . . is tainted by constitutional error," such as involuntariness, the lack of effective assistance of counsel, or the denial of any counsel. *United States v. Attar*, 38 F.3d 727, 733 n.2 (4th Cir. 1994); *see also United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993) (concluding that waiver of appeal rights in plea agreement will not bar appeal from denial of plea-withdrawal motion where "the waiver of appeal itself [is] being challenged by the motion to withdraw the guilty plea").

In his motion to withdraw his guilty plea, Matthews did not assert any error in the plea agreement or any other error of constitutional magnitude. Rather, Matthews moved to withdraw his guilty plea because *Pulsifer v. United States*, 601 U.S. 124, 152 (2024) (holding that a defendant is eligible for safety valve relief under 18 U.S.C. § 3553(f)(1) only if he has no more than four criminal history points, no prior three-point offenses, and no prior two-point violent offenses), rendered him ineligible for a safety valve reduction in his sentence. Because we conclude that Matthews's challenge to the denial of his motion to withdraw his guilty plea falls within the scope of his appeal waiver, which the Government seeks to enforce, we grant the Government's motion to dismiss in part and will not review this issue.

We review de novo an ineffective assistance of counsel claim made on direct appeal but "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively

4

show that trial counsel rendered ineffective assistance, Matthews's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

Finally, counsel questions whether the Government engaged in prosecutorial misconduct, a claim outside the scope of the appeal waiver, by failing to adequately advocate for the stipulations in the plea agreement and thereby breaching the plea agreement. Where, as here, the defendant did not challenge the Government's purported breach of the plea agreement below, we review his claim for plain error. *United States v. Edgell*, 914 F.3d 281, 286 (4th Cir. 2019). "Under that standard, [Matthews] must show that the government plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87. Here, the Government requested a downward variance from the career offender Sentencing Guidelines range to a Guidelines range consistent with the stipulated drug weight and without the career offender enhancement, as it had agreed to do in the plea agreement. Because we conclude that the Government did not breach the plea agreement, Matthews's claim of prosecutorial misconduct premised on his breach claim fails.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We affirm the remainder of the judgment. This court requires that counsel inform Matthews, in writing, of the right to petition the Supreme Court of the United States for

further review.  If Matthews requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Matthews.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*